## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GURPREET SINGH, | : | CIVIL ACTION NO. **1:CV-14-1927** |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| MARY SABOL, *et al.*, | : | |
| | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

### I.      Background.

On October 3, 2014, Petitioner, Gurpreet Singh,  a lawful permanent alien confined  at the

York County Prison ("YCP"), York County, Pennsylvania, and held in the custody of the Department

of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("ICE"), filed

through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

Petitioner is essentially challenging the constitutionality of his continued mandatory detention by

ICE at YCP while his appeal regarding his removal proceedings is pending with the BIA. Petitioner

claims that his current mandatory detention of about 210 days (*i.e.*, 7 months) is unreasonable and

that he is entitled to a custody hearing.   Petitioner attached several Exhibits to his habeas petition.

 Petitioner paid the required filing fee.  Petitioner is confined in the Middle District of Pennsylvania

at YCP and, this District Court has jurisdiction over his Habeas Petition. *See Rumsfeld v. Padilla*, 124

S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of confinement).

On October 9, 2014, the Court issued a Show Cause Order and directed Respondents to

respond to the Habeas Petition.  (Doc. 2).

On October 29, 2014, Respondents[1] filed their Response to the habeas petition with an attached Exhibit, namely, the Declaration of Jokaira J. Arias, Deportation Officer for ICE.   (Docs. 3 & 3-1).

On November 5, 2014, Petitioner filed a  Reply to Respondents' Response and  in support of his habeas petition with attached Exhibits, A-C.  (Docs.  4  and 4-1 to 4-3).

Thus, Petitioner's  §2241 habeas petition is now ripe for disposition.[2]

## II.    **Claims of Habeas Petition**.

In his habeas petition, Petitioner essentially states that he is being held in ICE custody at YCP for about seven (7) months while he was awaiting completion of his removal proceedings.[3] Specifically, Petitioner seeks this Court either order ICE to release him from custody or to grant him a custody review (an individualized bond hearing by ICE). Petitioner claims that his continued mandatory detention by ICE, under INA §236(c) [8 USC § 1226(c)], during his removal proceedings is unreasonable and in violation of the Due Process Clause under *Diop v. ICE/DHS*, 656 F.3d 221

---

[1]Respondents named in this habeas petition are Mary Sabol, the Warden at YCP, Thomas Decker, ICE Philadelphia Office Director, Jey Johnson, Secretary of U.S. DHS, and Eric Holder, U.S. Attorney General. We note that the parties agree Sabol is a proper Respondent, but dispute whether the other three named Respondents are proper Respondents.  We also note that any person who has custody of Petitioner is a proper Respondent.  *See* 28 U.S.C. §§ 2242 and 2243.

[2]The undersigned has been assigned this case for issuance of a Report and Recommendation.

[3]Respondents state that Petitioner was taken into ICE's custody on April 17, 2014, when he was arrested pursuant to an ICE arrest warrant and confined at YCP.  This is undisputed. (Doc. 1, pp. 1-2).  It is also undisputed that Petitioner is not yet subject to a final order of removal.  *See* Doc. 3, pp.1-2.

(3d Cir. 2011).   As Respondents correctly point out, Petitioner "claims that because ICE is unable

to 'provide him access to the administrative courts' and because [immigration] cases involving issues

similar to [his] 'often take years to resolve'[,] his detention pending completion of removal

proceedings is unlawful." (Doc. 3, p. 2, citing Doc. 1, pp. 2 & 33).   Respondents "maintain[] that

the [habeas] petition should be denied because [Petitioner's] continued detention during the course

of his removal proceedings is lawful and mandatory, and furthermore, his claims of protracted

detention are speculative." (*Id.*).

Petitioner he is a citizen and native of India and, he has lived in the Untied States as lawful

permanent resident since May 1, 2009, more than five years. (Doc. 1, ¶ 9).[4]   On April 17, 2014,

ICE issued a Notice to Appear ("NTA") against Petitioner.   The NTA charged Petitioner as removable

from the United States, pursuant to §237(a)(2)(B))(i) of the Immigration and Nationality Act ("INA"),

for having been convicted of a durg trafficking crime constituting an aggravated felony,  pursuant

to §237(a)(2)(B))(i) of the INA for being convicted of a crime relating to a controlled substance, and

pursuant to §237(a)(2)(A))(i) of the INA for being convicted of a crime involving moral turpitude.

As noted, Petitioner was taken into ICE's custody on April 17, 2014, when he was arrested pursuant

to an ICE arrest warrant and confined at YCP.   Petitioner has been in ICE's custody at YCP

continuously after his arrest to the present day.   Thus, Petitioner has been mandatory detained by

ICE for about seven (7) months.

---

[4]Since Petitioner properly cites to his Exhibits attached to his habeas petition with respect
to the factual background of his case, we do not repeat the cites to his Exhibits herein. We also
note that the background of this case is largely undisputed by the parties.  (Doc. 1 & Exs. and
Doc. 3-1).

On April 22, 2014, Petitioner filed a motion to terminate the immigration proceedings basically arguing that he was not convicted of a crime relating to a federal controlled substance. At Petitioner's first master calendar immigratrion hearing on April 30, 2014, the Immigration Judge ("IJ") gave DHS until May 15, 2014, to respond to Petitioner 's motion to terminate and to file Petitioner's record of conviction.   On June 18, 2014, the IJ denied Petitioner's motion to terminate.

On June 23, 2014, Petitioner had his next master calendar hearing and the IJ denied Petitioner's request for a continuance and ordered Petitioner removed from the United States.

On June 24, 2014, Petitioner filed with the IJ a motion to reopen his case and to reconsider the removal order.   The IJ did not rule on Petitioner's motion to reopen his case and to reconsider the removal order.   The parties do not know why the IJ failed to rule on Petitioner's motion.   Thus, on July 17, 2014, Petitioner filed a notice of appeal regrading the IJ's removal order to the Board of Immigration Appeals ("BIA").   The BIA issued a briefing schedule on August 6, 2014, and on August 19, 2014, Petitioner's counsel filed a motion for an extension since a portion of Petitioner's hearings was not included in the transcript.   The BIA then suspended the briefing schedule to review the transcript.

On September 11, 2014, the BIA issued a receipt of a motion to reopen.   Petitioner's motion to reopen his case is still pending with the BIA.   On October 27, 2014, the BIA issued a new briefing schedule with a complete transcript.   Petitioner's appeal brief is due with the BIA on November 17, 2014.   Thus, Petitioner's appeal of the IJ's removal order is still pending with the BIA and he is not yet subject to a final order of removal.

As mentioned, Petitioner claims that his pre-final removal order mandatory detention by ICE

at YCP since April 17, 2014, violates his due process rights, that the failure of ICE to give him an individualized inquiry as to whether he is dangerous or likely to flee violates his due process rights, and that his 7-month detention is in excess of the reasonable amount of time ICE had to complete removal proceedings against him. Petitioner claims that his continued detention by ICE at YCP is unlawful and violates §236(c) of the INA, 8 USC § 1226(c). As stated, Petitioner cites to the Third Circuit Court of Appeals case of *Diop v. ICE*, *supra*, for support. Petitioner points out that he has already been detained in excess of six (6) months absent an individualized inquiry as to his dangerousness or likelihood of flight.

As indicated, Petitioner requests the Court to order Respondents to immediately release him from ICE's custody or to order ICE to conduct a bond hearing forthwith.

**III.    Discussion.**

This Court has jurisdiction over Petitioner's habeas petition under §2241. *Diop*, 656 F.3d at 226.

As in the *Diop* case, our Petitioner claims that his continued mandatory detention at YCP since April 17, 2014, is unlawful because §236(c) does not authorize his prolonged detention without a bond hearing while his removal proceedings are pending. Petitioner states that his removal proceedings may still take a long time to complete. Petitioner claims that the delays so far in his removal proceedings have largely been attributable to DHS and not to himself. Petitioner heavily relies upon *Diop* in his habeas petition. *Diop* is a Third Circuit precedential case decided on September 1, 2011, pertaining to prolonged detention of aliens under §1226(c), the exact issue our Petitioner raises in the present case. The Petitioner in *Diop* was detained by ICE under

§1226(c) for over three years *sans* a bond hearing. In *Diop*, the Third Circuit Court held that under

§1226(c) "implicitly authorizes detention for a reasonable amount of time, after which the

authorities must make an individualized inquiry into whether detention is still necessary to fulfill the

statute's purposes of ensuring that an alien attends removal proceedings and that his release will

not pose a danger to the community." 656 F.3d at 232-33.

In *Diop*, 656 F.3d at 232-33, the Court stated:

> Justice Kennedy's opinion provides helpful guidance on how to interpret the *Demore* opinion. Under the Supreme Court's holding, Congress did not violate the Constitution when it authorized mandatory detention without a bond hearing for certain criminal aliens under § 1226(c). This means that the Executive Branch *must* detain an alien at the beginning of removal proceedings, without a bond hearing—and may do so consistent with the Due Process Clause—so long as the alien is given some sort of hearing when initially detained at which he may challenge the basis of his detention. However, the constitutionality of this practice is a function of the length of the detention. At a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community.FN10 This will necessarily be a fact-dependent inquiry that will vary depending on individual circumstances. We decline to establish a universal point at which detention will always be considered unreasonable.FN11

> > FN10. Although it did not frame the issue this way, we read Justice Kennedy's decision to uphold the statute on its face, while leaving open the possibility that it might be unconstitutional as applied. In other words, Congress did not violate the Constitution when it passed the law, but the Executive Branch might violate the Constitution in individual circumstances depending on how the law is applied. *See* Nicholas Quinn Rosenkranz, *The Subjects of the Constitution,* 62 Stan. L.Rev. 1209, 1230–35 (2010) (describing "as applied" and facial challenges in this manner).

> > FN11. In this regard, we note that our decision today differs from our prior decision in *Patel v. Zemski,* 275 F.3d 299 (3d Cir.2001), which was overruled by the Supreme Court in *Demore. See Demore,* 538 U.S. at 516. *Patel's* holding was much broader. In *Patel,* this Court held that

> § 1226(c) was unconstitutional in *all* circumstances unless *all* aliens detained pursuant to that statute received an individualized bond hearing. Our much narrower holding today, by contrast, is that the statute is only unconstitutional when it is applied to detain someone for an unreasonable length of time without further individualized inquiry into whether detention is necessary to carry out the purposes of the statute.

Thus, the Court in *Diop* stated that "when detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statutes." *Id*. at 233.

The Court in *Diop* found that Petitioner Diop's 35 months of detention "without any post-*Joseph* hearing inquiry into whether it was necessary to accomplish the purposes of §1226(c), was unreasonable." *Id*. at 234.

The *Diop* Court concluded as follows:

> Reasonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of any given case. That being said, we note that the reasonableness of any given detention pursuant to § 1226(c) is a function of whether it is necessary to fulfill the purpose of the statute, and, given that Congress and the Supreme Court believed those purposes would be fulfilled in the vast majority of cases within a month and a half, and five months at the maximum, *see Demore,* 538 U.S. at 530, the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds. In this case, there can be no question that Diop's detention for nearly three years without further inquiry into whether it was necessary to ensure his appearance at the removal proceedings or to prevent a risk of danger to the community, was unreasonable and, therefore, a violation of the Due Process Clause.
>
> .................................................................................................................
>
> Accordingly[,]we conclude that § 1226(c) contains an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose. *Cf. Zadvydas,* 533 U.S. at 682, 699 (reading § 1231 to contain an implicit "reasonable time" limitation on the length of post-removal

detention).

*Id*. at 234-35.

While we agree with Petitioner that there were errors in the removal proceedings that caused some delay, we do not find at this time that the proceedings have resulted in an unreasonable delay. As stated, Petitioner's appeal brief is due with the BIA on November 17, 2014. It now appears that Petitioner's appeal is moving forward at a reasonable pace. Our Petitioner has been detained only a little bit longer that the average 6-month period.   *See Diop* at 234. The Petitioner in *Diop* was detained for 35 months.    We agree with Respondents that it is purely speculative at this time for Petitioner to assert that his removal proceedings are likely to take a much longer period of time.

We find that based on the specific facts of the present case, that Petitioner Singh's detention of exactly seven months without a bond hearing is reasonable and not a violation of the Due Process Clause. *See Thai Hong v. Decker*, 2014 WL 1276567, *3 (M.D.Pa. March 27, 2014)(Court held that Petitioner Hong's mandatory detention of 5 months was not sufficient to asset a claim of unreasonably prolonged detention of the Due Process Clause under *Diop*.).  As in the *Thai Hong* case, Petitioner Singh's removal proceedings are on-going, his appeal brief is now due, and "he alleges no facts to show that his continued detention, is or will become unreasonably prolonged or indefinite." *Id. See also Lobban v. Decker*, 2013 WL 2471608, *3 (M.D.Pa. June 7, 2013)(Kane, J.)("[A] review of recent decisions have held that pre-removal detentions spanning a period of one (1) year and less to not offend the Due Process Clause.")(citations omitted).

Thus, at this time, we find that Petitioner Singh's 7-month detention under §1226(c) is mandatory and constitutional permissible.[5] *See Gupta v. Sabol*, 2011 WL 3897964 (M.D. Pa. 9-6-11).  In *Gupta,* 2011 WL 3897964, *2-*3, the Court quoted *Diop,* 2011 WL 3849739, *22, in which the Third Circuit  concluded that "1226(c) contains an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length.  After that, §1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose." (citation omitted).  The Court in *Gupta,* granted its Petitioner's habeas petition since he already spent 20 months in ICE's custody, and it ordered Petitioner's release from ICE's custody subject to reasonable conditions of supervision.

Therefore, we shall recommend that Petitioner Singh's habeas petition (Doc. 1) be denied.  As noted, based on *Diop*, if Petitioner Singh remains in ICE's custody after April 17, 2015, while his removal proceedings are still pending, he should file another habeas petition requesting an individualized inquiry into whether his continued detention is necessary to carry out the purpose of §1226(c).

---

[5]In light of *Diop*, if Petitioner Singh remains in ICE's custody after April 17, 2015, while his removal proceedings are still pending, he can file another habeas petition requesting the Court to direct ICE to conduct an individualized inquiry into whether his continued detention is necessary to carry out the purpose of §1226(c).

**IV.     Recommendation**.

Based on the foregoing, it is respectfully recommended that Petitioner Singh's Habeas Petition **(Doc. 1)** be  denied.

  s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 17, 2014**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GURPREET SINGH, | : | CIVIL ACTION NO. **1:CV-14-1927** |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| MARY SABOL, *et al.,* | : | |
| | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 17, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed
> before the magistrate judge, making his or her own determination on the

basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  November 17, 2014**