**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GURPREET SINGH,** | : | |
| **Petitioner** | : | **No. 1:14-cv-01927** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **MARY SABOL, et al.,** | : | **(Magistrate Judge Blewitt)** |
| **Respondents** | : | |

**MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Blewitt,

recommending that Petitioner Gurpreet Singh's petition for a writ of <u>habeas</u> <u>corpus</u> be denied.

(Doc. No. 5.)  Upon review of the petition, the Report and Recommendation, and Plaintiff's

objections thereto, the Court will adopt the Report and Recommendation in part, and will deny

the petition.

**I.     BACKGROUND**[1]

Petitioner, a citizen and native of India, has lived in the United States as a lawful

permanent resident since May 1, 2009.  (Doc. No. 5 at 3.)  On April 17, 2014, after Petitioner

was convicted of an aggravated felony drug trafficking crime, he was taken into Bureau of

Immigration and Customs Enforcement ("ICE") custody, and confined at the York County

Prison.  (Id.)  Petitioner was charged as removable from the United States pursuant to Section

237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), for having been convicted of a

drug trafficking crime constituting an aggravated felony; Section 237(a)(2)(B)(i) of the INA for

being convicted of a crime relating to a controlled substance, and Section 237(a)(2)(A)(i) of the

---

[1] Except where otherwise noted, this mostly undisputed factual background is taken from
Magistrate Judge Blewitt's recitation of the facts in his Report and Recommendation.

INA for being convicted of a crime involving moral turpitude.  See 8 U.S.C. § 1227.

On April 22, 2014, Petitioner filed a motion to terminate immigration proceedings on the grounds that he was not convicted of a crime relating to a federal controlled substance.  (Id. at 4.) On June 18, 2014, the Immigration Judge ("IJ") denied his motion to terminate.  (Id.)  On June 23, 2014, the IJ denied Petitioner's request for a continuance and ordered that he be removed from the United States.  (Id.)  On June 24, 2014, following the IJ's order of removal, Petitioner filed a motion to reopen and reconsider with the IJ.  (Id.)  Thereafter, on July 17, 2014, Petitioner also appealed the IJ's removal order to the Board of Immigration Appeals ("BIA").  (Id.) Following an extension to the appeal's briefing schedule[2], Petitioner's BIA appeal brief was due on November 17, 2014.  (Id.)  On December 15, 2014 – subsequent to the filing of the present Magistrate Judge Blewitt's Report and Recommendation – the Court learned that the BIA remanded the case back to the IJ for consideration of additional evidence.  (Doc. No.  12.) Because his case is on remand to the IJ following his appeal, Petitioner is not yet subject to a final order of removal.  (Id.; Doc. No. 5 at 4.)  Petitioner remains in ICE custody while he awaits the completion of the removal proceedings.  (Doc Nos. 1, 5 at 4.)

Meanwhile, on October 3, 2014, Petitioner, through his counsel, filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  Petitioner asserts that his continued detention by ICE is unreasonable and violates his right to Due Process, as well as Section 236(c) of the INA, 8 U.S.C. § 1226(c).  (Id.)  Petitioner asks the Court to grant his petition and to either (1) release him from custody, or (2) grant him an individualized bond

---

[2] Petitioner asserts that any delays to the appeal briefing schedule are not his fault.  (Doc. No. 10 at 1-2.)  After his counsel notified the BIA that a transcript was missing, the BIA then suspended briefing for two months while it located the missing transcript was located.  (Id.)

hearing by ICE.  (Id.)  On November 17, 2014, Magistrate Judge Blewitt issued a Report and

Recommendation in which he recommended that the Court deny the Petition.  (Doc. No. 5.)  On

November 26, 2014, Petitioner filed objections to the Report and Recommendation (Doc. No. 7),

and on December 9, 2014, he filed a brief in support of his objections (Doc. No. 10).  The

Respondents filed a brief in opposition to those objections on December 22, 2014.  (Doc. No.

13.)

## II.    DISCUSSION

In his Report and Recommendation, Magistrate Judge Blewitt recommends that the Court

deny the petition.  (Doc. No. 5.)  Specifically, Magistrate Judge Blewitt recommends that the

Court find that Petitioner's current and continued detention is reasonable and constitutionally

permissible.[3]  (Id.)  In objecting to Magistrate Judge Blewitt's proposed findings, Petitioner

raises two primary objections: (1) the Magistrate Judge erred in concluding that the length of

Petitioner's detention has been and remains reasonable, and (2) the Court should establish a

bright line six-month threshold period of detention after which an individual in immigration

custody pending removal proceedings should be granted an individualized bond hearing.  (Doc.

No. 10.)  Petitioner also objects to Magistrate Judge Blewitt's recommendation that Petitioner

can file another habeas petition in the event that he remains in ICE custody after April 17, 2015,

at which time he will have been in custody one full year.  (Id.)

Detention of aliens pending final removal decisions is governed by Section 236 of the

---

[3]  The Court notes that Petitioner had been in ICE custody just under six months at the
time he filed his petition; at the time of Magistrate Judge Blewitt's Report and Recommendation,
it had been seven months; and, as of the time of this Court's order addressing his objections, he
has spent just under ten months in ICE custody.

INA, codified at 8 U.S.C. § 1226.  See Lobban v. Decker, No. 13-1442, 2013 WL 2471608, at *3

(M.D. Pa. June 7, 2013).  Section 1226(c)(1)(B) instructs the Attorney General to take into

custody and detain any alien who is deportable by reason of having committed any offense

covered by 8 U.S.C. § 1227(a)(s)(A)(ii), (A)(iii), (B), (C), or (D).  Id.  In Demore v. Kim, the

United States Supreme Court held that this mandatory detention prior to final orders of removal

did not violate the Constitution, and that, pending the outcome of those removal proceedings,

Congress may mandate detention of criminal aliens who are convicted of the crimes under the

statute.  538 U.S. 510, 524-31 (2003).  In Diop v. ICE/Homeland Security, the United States

Court of Appeals for the Third Circuit examined the contours of Section 1226(c), and held that it

"contains an implicit limitation of reasonableness: the statute authorizes only mandatory

detention that is reasonable in length.  After that, [Section] 1226(c) yields to the constitutional

requirement that there be a further, individualized, inquiry into whether continued detention is

necessary to carry out the statute's purpose."  656 F.3d 221, 235 (3d Cir. 2011).  In Diop, the

petitioner had been detained for over 35 months without an individualized bond hearing;

although the Third Circuit determined that this was unreasonable, it also declined to create any

bright-line rules regarding what duration in custody would be unreasonable.  Id. at 235.

Courts in this circuit applying Diop and assessing claims regarding pre-removal detention

must engage in a "two step-process: a reviewing court must first determine that a detention has

been unreasonably long, and following such a determination, must determine whether the

unreasonable detention is necessary to fulfill [Section] 1226's purposes."  Williams v. Sabol, No.

13-1962, 2014 WL 3395406, at *3 (M.D. Pa. July 10, 2014) (quoting Leslie v. Attorney Gen. of

U.S., 678 F.3d 265, 269-70 (3d Cir. 2012)).  If the court finds that the delay was unreasonably

4

long, the detainee "is entitled to an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Leslie, 678 F.3d at 271 (quoting Diop, 656 F.3d at 231).  In determining whether a detention has been unreasonably long, courts consider the reasons for the delay and removal and who bears responsibility for that delay.  See Williams, 2014 WL 3395406, at *4.  Courts also consider the duration of the detention.  See id. at *3.

The Court agrees with Magistrate Judge Blewitt, finds that Petitioner's period of detention has been reasonable and constitutionally permissible, and will overrule Petitioner's objection to the contrary.  At this point, Petitioner's continued detention is largely a reflection of the appeal filed by Petitioner in response to the IJ's ruling ordering him removed.  However, "[w]here the delay is attributable to actions taken by the alien in the course of litigating the removal proceedings, courts typically will not hold the government accountable for that delay when conducting a due process analysis."  Williams, 2014 WL 3395406, at *4 (citing Demore, 538 U.S. at 531 n.15) (denying habeas petition and noting that most of the 14-month delay in removal proceedings was the result of the petitioner's appeal to the BIA of his removal order); see Ryan v. Decker, No. 13-682, 2013 WL 3973074, at *6 (M.D. Pa. July 31, 2013) ("While [Petitioner's] litigation choices may be understandable, the delays caused by [Petitioner's choice to appeal] should not be held against the Government when assessing this relatively brief [8–month] period of pre-removal delay.").  After briefing of his appeal, Petitioner successfully got the BIA to remand to the IJ for consideration of new evidence, and there is no suggestion by Petitioner that his challenges to the removal order have been stalled or are not being fairly

5

considered by the appropriate parties on remand.

Although Petitioner attributes at least two months of delay due to the BIA's efforts to locate a missing transcript, it is clear to the Court that the vast majority of delay is the result of Petitioner's litigation choices, i.e., his challenges to the removal order.  Moreover, at this point, there are no facts to suggest that Petitioner's removal proceedings are not finite and will not reach their conclusion in due course.  Accordingly, the Court concludes that such a delay does not at this time run afoul of the Constitution, and finds that Petitioner has not stated a valid claim that his Due Process rights have been violated by his roughly ten months spent in ICE custody. See Williams, 2014 WL 3395406 at *4 (citing cases for the proposition that "[d]etention periods of up to two years have been sustained by the courts where . . . much of the pre-removal delay was a function of that criminal alien's litigation decisions during removal proceedings, including the alien's decision to appeal to the BIA"); Chavez-Alvarez v. Sabol, No. 12-2130, 2014 WL 257357, at *7-8 (M.D. Pa. Jan. 22, 2014) ("While this matter has been ripe and pending before the BIA for the past 6 months, we do not believe that this pre-decisional delay has yet reached the dimension of the excessive delays that have, in the past, compelled an individualized bail hearing.").  The Court's conclusion that Petitioner's detention is not unreasonable at this time is buttressed by the consistent findings of courts in this district that year-long-plus detentions – longer than Petitioner's, and also with delays owed to appeals concerning the removal proceedings – are not yet unreasonable or violative of Due Process.  See Pulido-Rodriguez v. Sabol, No. 13-3086, 2014 WL 3829541, at *5 (M.D. Pa. Aug. 1, 2014); Williams, 2014 WL 3395406, at *4; Chavez-Alverez, 2014 WL 257357, at *9; Lobban, 2013 WL 2471608, at *4.

Petitioner also objects on the grounds that this Court should – like the United States

Court of Appeals for the Ninth Circuit in <u>Rodriquez v. Robbins</u>, 715 F.3d 1127, 1133 (9th Cir.

2013) – establish a bright line rule at six months of detention, after which an individualized

consideration of bond becomes necessary.  (<u>See</u> Doc. No. 10 at 7)   However, the Third Circuit

in <u>Diop</u> considered and then expressly rejected adopting a bright line rule at six months of

detention, and this Court is obliged to similarly reject doing so.[4]  <u>Diop</u>., 656 F.3d at 234 ("We

decline to adopt such a one-size-fits-all approach. Reasonableness, by its very nature, is a

fact-dependent inquiry requiring an assessment of all of the circumstances of any given case.").

Rather, length of duration is just one aspect of the reasonableness-of-detention analysis.  <u>See</u>

<u>Chavez-Alvarez</u>, 2014 WL 257357, at *7 (observing that "the legal analysis here [in

reasonableness of mandatory detention cases] does not involve simple arithmetic").  Moreover,

such a rule would run counter to the weight of authority in this district that detentions exceeding

that of Petitioner's in length do not violate the constitution.  <u>See, e.g.</u>, <u>Williams</u>, 2014 WL

3395406, at *4.

     Lastly, Petitioner objects to the extent that "Magistrate Judge Blewitt, without any

explanation, has set one year as a reasonable period of detention."  (Doc. No. 10 at 8.)  Stated

differently, Petitioner objects to Magistrate Judge Blewitt's recommendation that he can re-file

his Petition on April 17, 2015, the one-year anniversary of his detention, provided that Petitioner

is still in custody.  The Court agrees with Petitioner, but perhaps to a different end.  As the Court

---

[4]  Petitioner points out that the Supreme Court has observed that, in most cases, the
purposes of Section 1226(c)  – that an alien attends removal proceedings and that his release will
not pose a danger to the community – should be fulfilled in a maximum of five months.  <u>See</u>
<u>Demore</u>, 538 U.S. at 530.  The Third Circuit in <u>Diop</u> expressly recognized this, however, and
<u>still</u> declined to issue a bright-line rule regarding the duration of detention.  <u>See</u> <u>Diop</u>, 656 F.3d
at 234.

has noted repeatedly above, there is no bright-line rule regarding length of detention in the Third Circuit; Petitioner's detention does not automatically shift from reasonable to unreasonable at the one-year mark.  Accordingly, the Court will not adopt this recommendation, and will not provide any strict time limitation as to when Petitioner may continue to seek <u>habeas</u> relief.  Although the Court will order that Petitioner may renew his petition at a later date, it can not specify now precisely when his detention will become unreasonable and excessive.  At this time, however, Petitioner has not presented a valid claim that his due process rights have been violated in the course of his mandatory detention.  An order consistent with this memorandum follows.